# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

**TRACYE MONSON, JESSICA MONOPOLI,**
**individually and behalf of others similarly situated,**

      **Plaintiffs,**

                                   **Case Number _____**

**v.**

**MLM INTERNATIONAL SERVICES, INC.,**
**a Florida Corporation, and MICHAEL B. MORAN,**
**collectively d/b/a Royal Maids**

      **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

1.  Plaintiffs, Tracye Monson and Jessica Monopoli ("Plaintiffs"), were employee

of Defendants, MLM International Services, Inc. ("MLM") and Michael B. Moran

("Moran"), collectively doing business as Royal Maids ("Royal Maids" or "Defendants"),

a Florida corporation, and bring this action for minimum wages, unpaid overtime wages,

and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*

(the "FLSA").  Additionally, Plaintiffs seek minimum wages under Article X, Section 24

of the Florida Constitution.  Plaintiffs were maid employees and performed related

activities for Defendants in, among others, Lee County, Florida.

2.  Defendant, MLM, is a Florida corporation that operates and conducts business

in, among others, Lee County, Florida, and is therefore, within the jurisdiction of the

Court.

3.  Defendant, Moran, owns, operates and manages MLM d/b/a Royal Maids.

Moran has control in hiring, firing, setting wages, scheduling and conducting business on

behalf of Royal Maids.  Moran was an employer of Plaintiffs as defined by 29 U.S.C. § 203(d), as well as the employer of all similarly situated employees currently working or having worked for Royal Maids at any time during the past three years.

4.  This action is brought under the FLSA to recover from Defendants, minimum wages (29 U.S.C. § 206), unpaid overtime wages (29 U.S.C. § 207), liquidated damages, and reasonable attorneys' fees and costs (29 U.S.C. § 216(b)).  Additionally, Plaintiff seek minimum wages under Article X, Section 24 of the Florida Constitution.  This action is intended to include each and every maid employee who worked for the Defendants at any time within the past four (4) years.

5.  The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1337 and the FLSA, and supplemental jurisdiction over Plaintiffs' Florida constitutional minimum wage claim.

6.  At all material times relevant to this action, MLM was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

7.  MLM has gross receipts of over $500,000 per year for each year since 2005.  In fact, based upon information and belief, MLM represented to the Federal Government that it has produced and/or expects to produce work for at least ten U.S. Citizens and/or Residents, while investing in excess of $500,000 or more in its business.

8.  At least two employees of MLM have utilized products in the streams of interstate commerce in furtherance of Defendants' business enterprise.

9.  At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiffs for all hours worked in

excess of forty within a work week, and to ensure that Plaintiffs were paid at the minimum wage for each hour worked within a work week.

10.   During their employment with Defendants, Plaintiffs, and those similarly situated to them, were not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

11.   Plaintiffs were not paid for all hours worked.  Specifically, Defendants required Plaintiffs to report to the office located on 4531 Deleon St in Ft. Myers, Florida each morning.  Then the Plaintiffs were required to drive to homes, apartments, condominiums, abodes, etc. to perform physical labor.  After the cleaning jobs were completed Plaintiffs routinely returned to the office located at 4531 Deleon St. Defendants refused to pay Plaintiffs for any hours they worked at the office, traveling from the corporate office to and from the job sites or even to actually compensate the Plaintiffs for all hours worked cleaning a home.  Furthermore, Plaintiffs were required to clean their uniforms, and Defendants never paid or compensated Plaintiffs for cleaning their uniforms.  Plaintiffs were often not compensated for purchasing fuel related to business travels.  Defendants only paid Plaintiffs through an arbitrary and capricious method based upon the percentage of payments made by the client, which ultimately led to Plaintiffs earning less than the Federal minimum wage during all hours worked. Plaintiffs never received premium pay for hours worked over forty in a workweek.

12.   Defendants failed to keep accurate time records as required by 29 U.S.C. § 211(c) as they refused to account for all compensable hours worked by the Plaintiffs.

13.   Plaintiffs were forced to use the instrumentalities of interstate commerce, such as the road ways and cell phones, as well as utilize products that originated from

3

outside of Florida, such as cleaning equipment, even though they were not the final beneficiaries of the products that moved through the channels of interstate commerce.

## COUNT I – RECOVERY OF MINIMUM WAGES

14.  Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-13 above.

15.  Plaintiffs were entitled to be paid minimum wage for each hour they worked during their employment with Defendants.

16.  Defendants willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

17.  As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs, and those similarly situated to them, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

18.  Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendants, for the payment of minimum wages for all hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II – RECOVERY OF OVERTIME COMPENSATION

19.  Plaintiffs reincorporate and readopt all allegations contained within Paragraphs 1-13, above.

20.  Plaintiffs, and those similarly situated to them, are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40)

per work week.  During their employment with Defendants, Plaintiffs, and those similarly situated to them, regularly worked overtime hours and were not paid time and one half compensation for same.

21.  As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiffs, and those similarly situated to them, their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiffs, and those similarly situated to them, have suffered damages plus incurring reasonable attorneys' fees and costs.

22.  As a result of Defendants' willful violation of the FLSA, Plaintiffs, and those similarly situated to them, are entitled to liquidated damages.

23.  Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs, and all other similarly situated employees, demand judgment against Defendants, for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

### COUNT III – RECOVERY OF MINIMUM WAGES UNDER ARTICLE X SECTION 24 OF THE FLORIDA CONSTITUTION

24.  Plaintiffs reincorporate and readopt all allegations within Paragraphs 1-13 above.

25.  As of May 2005, Pursuant to Article X, Section 24 of the Florida Constitution, Plaintiffs and all other similarly situated employees have been entitled to be

paid minimum wage as determined by the State for each hour they worked during their employment with Defendants.

26.  Defendants willfully failed to pay Plaintiffs, and other similarly situated employees, minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.  As a result of Defendants' actions in this regard, Plaintiffs, and other similarly situated employees, have not been paid the minimum wage for each hour worked during their employment with Defendants.

27.  As a result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

28.  Plaintiffs demand a trial by jury.

WHEREFORE, Plaintiffs and those similarly situated to them, demand judgment against Defendants for Florida minimum wages, an additional and equal amount of liquidated damages, as well as reasonable attorneys' fees and costs incurred in this action.

DATED this 12th day of March 2009,

**s/ Bernard R. Mazaheri_____**
W. John Gadd
FL Bar Number 463061
Bernard R. Mazaheri
FL Bar Number 643971
MAZAHERI GADD P.A.
2727 Ulmerton Rd. Ste. 210
Clearwater, FL 33762
Tel – (727)524-6300
Email – brm@mazgadd.com
        wjg@mazgadd.com